1

2

3                    UNITED STATES DISTRICT COURT

4                    NORTHERN DISTRICT OF CALIFORNIA

5   REGINA A. FINULIAR,                      Case No. C-11-02629 JCS

6

7              Plaintiff,              **ORDER GRANTING DEFENDANTS'
                                       MOTION TO DISMISS AND TO STRIKE
            v.                         PLAINTIFF'S COMPLAINT AND
8                                      DISMISSING COMPLAINT WITH
    BAC HOME LOANS SERVICING, L.P., ET LEAVE TO AMEND [Docket No. 6]**
9   AL.,

10             Defendants.
    _____/
11

12  **I.     INTRODUCTION**

13          Plaintiff initiated this action in the Superior Court of the County of San Francisco on May 3,

14  2011, bringing claims relating to a loan originated in May 2004 to purchase real property located at

15  16 Jennifer Place, San Francisco, California. Plaintiff named as Defendants BAC Home Loans

16  Servicing, L.P. ("BAC") and Recontrust Company ("Recontrust").  Defendants removed to federal

17  court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 and now bring a

18  Motion to Dismiss and to Strike Plaintiff's Complaint ("Motion").  The parties have consented to the

19  jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).  For the reasons

20  stated below, the Motion is GRANTED.

21  **II.    REQUEST FOR JUDICIAL NOTICE**

22          Defendants have filed a request seeking judicial notice under Rule 201 of the Federal Rules

23  of Evidence of the loan documents referenced in the complaint, as well as a document published by

24  the federal government listing conventional loan limits for the years 1980 to 2011.   *See* Docket No.

25  7 (hereinafter, "RJN").  Plaintiff has not objected to Defendants' request or challenged the

26  authenticity of any of the attached documents.  Accordingly, Defendants' request is GRANTED.

27  Further, the  Court may consider the documents of which it takes judicial notice on a motion to

28

*United States District Court*
For the Northern District of California

**United States District Court**
For the Northern District of California

1   dismiss under Rule 12(b)(6) of the Federal Rules of Evidence. *See Catholic League for Religious*

2   *and Civil Rights v. City and County of San Francisco*, 464 F.Supp.2d 938, 941 (N.D.Cal. 2006).

3   **III.    BACKGROUND**

4        **A.    Factual Background**[1]

5        Plaintiff alleges that she is and was at all times material to the Complaint a resident of Solano

6   County, California.  Complaint, ¶ 1.  The property that is the subject of Plaintiff's claims is located

7   in San Francisco County, at 16 Jennifer Place, San Francisco, California ("Subject Property").  On

8   May 21, 2004, Plaintiff executed an Interest Only Adjustable Rate Note with Countrywide Home

9   Loans, Inc. ("Countrywide") in the amount of $450,000.00 (the "loan"), secured by a Deed of Trust

10  against the Subject Property.  Complaint, ¶¶ 2, 15; RJN, Exs. A & B.  The loan is a 30-year

11  adjustable rate mortgage with a fixed interest rate of 4.875% for the first three years.  Complaint ¶

12  15.  Thereafter, the interest rate would adjust.  *Id.*  Plaintiff alleges that BAC took over the Subject

13  Loan from Countrywide and "assumed liability and responsibility for the actions of any previous

14  servicers and their agents."  Complaint, ¶ 16.

15       According to Plaintiff, the loan was financed based on her ability to pay at the initial interest

16  rate and not her ability to pay after the rate adjusted.  *Id.*, ¶ 17.  As a result, as of December 2009,

17  Plaintiff was having difficulty making her monthly payments and attempted to obtain a loan

18  modification.  *Id.*, ¶ 19.  Although she attempted to make partial monthly payments, BAC did not

19  accept her payments and told Plaintiff she was under review for a loan modification.  *Id.*, ¶ 20.

20       On March 5, 2010, a Notice of Default and Election to Sell Under Deed of Trust ("Notice of

21  Default") was recorded on the Subject Property.  *Id.*, ¶ 21; RJN, Ex. D.  The Notice of Default,

22  issued by trustee Recontrust, states that Plaintiff was $16,611.61 in arrears as of March 4, 2010.

23  RJN, Ex. D.

24       Plaintiff alleges that in June 2010, she again attempted to obtain a loan modification.

25  Complaint, ¶ 22.  She was told in July 2010 that she did not qualify for a loan modification and that

26   

27      [1]The Court assumes the allegations in the complaint to be true for the purposes of this motion. *See Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996)(on motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court assumes the facts alleged in the complaint

28  are true).

BAC was moving forward with foreclosure proceedings.[2]  *Id.*, ¶ 23.  In September 2010, Plaintiff attempted once more to obtain a loan modification and submitted additional financial information in support of her request.  *Id.*, ¶ 25.  In March 2011, Plaintiff's request for a loan modification was declined.  *Id.*, ¶ 26.

Plaintiff filed the instant action in San Francisco Superior Court in May 2011.  In the Complaint, Plaintiff asserts the following claims:

(1) **Truth in Lending Act, 15 U.S.C. §§ 1601,** *et. seq.* **("TILA") (against BAC):**  Plaintiff alleges that when she entered into the Loan, BAC "misled and confused" her, gave her assurances that she qualified for the loan but did not clearly explain the risks of taking the loan, and "did not disclose the real cost of the mortgage."  Complaint, ¶ 49.

(2) **California Business and Professions Code §§ 17200,** *et seq.* **("UCL") (against BAC)**: Plaintiff alleges that BAC violated the UCL by making untrue and misleading statements in order to induce her to enter into the Loan.  *Id.*, ¶ 55.  In particular, Plaintiff alleges that BAC made statements: 1) that it was a "mortgage loan expert[] that could be trusted to help Plaintiff get the . . .Loan;" 2) regarding the "terms and payment obligations, including statements of the duration of the original payment, duration and amount of the interest rate, amount of monthly payments, and statements obfuscating the risks of the loan;" 3) that the value of the property would continue to rise and that Plaintiff could refinance easily; and 4) that Defendants' assessed value of Plaintiff's property was accurate.  *Id.*

(3) **Constructive Fraud (against BAC)**: Plaintiff alleges that BAC exerted "undue influence" on her by holding itself out to be an expert in the mortgage industry and that she, as an "unsophisticated consumer," relied on BAC's expert opinions that: a) entering into the loan was reasonable; b) the assessed value of the Subject Property was not inflated; and c) she would be able to refinance easily if necessary.  *Id.*, ¶¶ 65-66.  Plaintiff further alleges that BAC deceived her by

---

[2]According to Plaintiff, on August 23, 2010, BAC recorded a Notice of Trustee Sale.  *Id.*, ¶ 24. Plaintiff's allegation that a notice of trustee's sale was recorded in August 2010 appears to be inconsistent with Defendants' assertion in the Motion that no foreclosure date has been set, as well as Plaintiff's own allegations that she subsequently submitted additional documents in support of her loan modification request.  However, the Court need not resolve this apparent inconsistency to decide the issues raised in the Motion.

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

"failing to disclose key loan information," including how much and how soon the interest rate would go up after the initial "teaser" rate expired and the "true cost and risks associated with refinancing when Defendant BAC subprime loans became unaffordable after the interest rate adjusted." *Id.*, ¶ 68.

(4) **Breach of the implied covenant of good faith and fair dealing (against BAC):** Plaintiff alleges that "Defendant BAC was required to apply Plaintiff [sic] extra payments to the principal of their loan. However, in violation of the contract and of the implied covenant of good faith and fair dealing, Defendant BAC failed to apply Plaintiff [sic] payments properly, such as for example, apply extra amounts to interest that was not legitimately owed by the Plaintiff." *Id.*, ¶ 79. Plaintiff further allege that "Defendant BAC unfairly interfered with Plaintiff [sic] right to receive promised benefits under the contract by refusing to refinance and charging unconscionable monthly payments that Defendant BAC knew were well beyond Plaintiff [sic] actual ability to pay." *Id.*

(5)**Violation of Civil Code Section 2923.5 (against BAC and Recontrust):** Plaintiff alleges that Defendants failed to provide her with an "opportunity to explore options . . .to avoid foreclosure" at least 30 days before filing the Notice of Default, failed to provide other information required under this provision, and failed to file a proper declaration that they had complied with the requirements of the provision. *Id.*, ¶ 84. She also alleges that she "believes that Defendant BAC and [Recontrust] did not contact or attempt to contact" her to prevent foreclosure. *Id.*, ¶ 85.

(6) **Negligence (against BAC):** Plaintiff alleges that BAC breached a duty of care to act as a reasonable lender by placing her in a loan that Plaintiff was not able to afford. *Id.*, ¶ 96.

(7) **Predatory Lending under Cal. Fin Code §§ 4970-4979.8 (against BAC):** Plaintiff alleges that BAC engaged in predatory lending by steering her into a sub-prime loan when Plaintiff could have qualified for a loan with more favorable terms and by encouraging her to take a loan that it did not reasonably belief Plaintiff could repay. *Id.*, ¶¶ 101-103.

(8) **Misrepresentation (against BAC):** Plaintiff alleges that BAC made false representations to Plaintiff as alleged elsewhere in the Complaint, that Plaintiff relied on the false representations and was harmed as a result thereof. *Id.*, 107-111.

**B.      The Motion**

Defendants assert that all of the claims fail, as a matter of law, on the basis that Plaintiff lacks standing to challenge the foreclosure proceedings on her property because she has not alleged tender of the amount owed on the loan.  Motion at 3-4 (citing *U.S. Cold Storage v. Great W. Sav. & Loan Ass'n*, 165 Cal. App. 3d 1214, 1222 (1985)).  In addition, Defendants contend that Plaintiff's claims fail on the following grounds:

(1) **TILA Claim:** Defendants argue that Plaintiff's TILA claim fails because: a)  Plaintiff fails to identify any specific disclosures that BAC failed to make or to allege any facts supporting the conclusory allegation that Plaintiff was misled or confused; b) the claim is barred by TILA's three-year statute of limitations for rescission claims and one-year statute of limitations for damages claims because the loan was originated in May 2004; and c) Plaintiff failed to allege that she can or will tender the amount due on the loan.  Motion at 4-6.

(2) **UCL Claim:** Defendants contend that Plaintiff's UCL claim fails because: a) Plaintiff has not alleged fraudulent conduct with specificity and has not alleged that Defendants' conduct was unlawful or unfair; b) the claim is barred by the UCL's 4 year statute of limitations; and c) Plaintiff has not alleged injury in fact and therefore does not have standing to assert a claim under the UCL. Motion at 6-10.

(3) **Constructive Fraud Claim (against BAC)**: Defendants assert that Plaintiff's constructive fraud claim should be dismissed because: a) the claim is untimely in light of the three-year statute of limitations under Cal. Code Civ. Proc. Section 338(d); and b) Plaintiff has not (and cannot) allege facts establishing the required elements of constructive fraud.  Motion at 10-12.

(4) **Breach of the Implied Covenant of Good Faith and Fair Dealing Claim:** Defendants argue that this claim fails because: a) Plaintiff has not identified any underlying contractual provision in support of the claim;  b) the claim is barred by the four-year statute of limitations under Cal. Civ. Proc. Code Section 337(a); 3) Plaintiff has not alleged any facts showing that the alleged breach caused any damages.  Motion at 12-14.

(5) **Violation of Civil Code Section 2923.5:** Defendants assert that this claim fails because Section 2923.5 applies only to "owner-occupied residential property" and Plaintiff alleges in the

United States District Court

For the Northern District of California

1    complaint that she lives in Solano County, establishing that the Subject Property is not "owner-

2    occupied."  Further, Plaintiff's allegations that she was considered for a loan modification

3    contradicts the allegations that BAC did not explore loan modification options.  Finally, Defendants

4    point to the declaration attached to the Notice of Default certifying that the requirements of Section

5    2923.5 were satisfied.  Motion at 14-15.

6         (6) **Negligence (against BAC):** Defendants assert that this claim fails because: a) Plaintiff

7    has not alleged any facts showing that Defendants owed a duty to her, or that any duty was

8    breached;  b) the claim is barred by the two-year statute of limitations under Cal. Civ. Proc. Code

9    Section 335.1(d) to the extent that it is based on an alleged duty owed at the time of the loan

10   origination; and c) Plaintiff has not alleged any facts showing causation and damages.  Motion at 15-

11   16.

12        (7) **Predatory Lending under Cal. Fin Code §§ 4970-4979.8:** Defendants argue that this

13   claim fails on the basis that Plaintiff's loan is not a "covered loan" under this section because: a)  the

14   amount of the loan exceeded the "most current conforming loan limit for a single-family first

15   mortgage loan established by the Federal National Mortgage Association in the case of a mortgage

16   or deed of trust," which in 2004 was $333,700.00; and b) the loan was not obtained for property that

17   Plaintiff has used or intended to use as a principal dwelling.  In addition, Defendants argue that the

18   claim fails to the extent it is based on the allegation that Defendants did not reasonably believe

19   Plaintiff was able to repay the loan at the time of origination because Plaintiff has alleged no facts

20   concerning actions taken by BAC in 2004 during the loan origination.  Motion at 16-17.

21        (8) **Misrepresentation:** Defendants argue that the cause of action for misrepresentation fails

22   because: a) it is time-barred under the three-year statute of limitations in Cal. Civ. Proc. Code

23   Section 338(d); b) Plaintiff has not alleged the claim with specificity; and c) Plaintiff has not alleged

24   facts showing damages or causation.  Motion at 17-18.

25        In addition to arguing that Plaintiff's claims fail under Rule 12(b)(6), Defendants ask the

26   Court to strike Plaintiff's requests for punitive damages and attorneys' fees on the basis that neither

27   type of relief is available on the facts alleged.  Motion at 19.  In particular, Plaintiff has not alleged

28   facts sufficient to establish "malice, oppression or fraud," as required to support a claim for punitive

damages and has not identified any contractual or statutory basis for an award of attorneys' fees. Motion at 19.

### C.    Plaintiff's Opposition

In her Opposition brief, Plaintiff makes the following arguments:

(1) **Tender Rule**: Plaintiff contends that the tender rule does not bar her claims because the trial court has the discretion to "accommodate the equities" where it would be inequitable to bar a claim based on failure to tender.  Opposition at 3 (citing *Pantoja v. Countrywide Home Loans*, 640 F. Supp. 2d 1177, 1184 (N.D. Cal. 2009); *Onofrio v. Rice*, 55 Cal. App. 4th 413, 424 (1997); *Humboldt Sav. Bank v. McCleverty*, 161 Cal. 285 (1911)).

(2) **TILA Claim**: Plaintiff asserts that this claim is adequately alleged because the loan is a "complicated mortgage, and the key terms were never explained to Plaintiff."  Opposition at 4.  As to the specific facts, Plaintiff states that "we will specifically address those issues during our investigation in the Discovery process."  *Id*.  Plaintiff further asserts that the claim is subject to equitable tolling because Plaintiff was not aware of Defendants' failure to make the required TILA disclosures until she consulted with counsel in 2011.  *Id*. at 5.

(2) **UCL Claim**: Plaintiff asserts that a UCL claim may be based on allegations that Defendants violated Cal. Bus. & Prof. Code § 17500, which makes it unlawful for a business to disseminate any statement that is "untrue or misleading, and which is known, or which by the exercise of reasonable care should be known to be untrue or misleading."  *Id*.  at 6.  Here, Plaintiff asserts, "Defendant, through its representative to be named at a further time, after our Discovery process, made false and misleading statements to Plaintiff in order to sell more loan products."  *Id*. at 6.  In particular, Plaintiff contends that "Defendant failed to inform Plaintiff that other safer loan products for which Plaintiff could have qualified were available on the market . .  [and] [i]nstead . . .represented . . . [that] the loan terms were the best deal on the market."  *Id*.  These statements are not only unlawful under Section 17500, Plaintiff contends, but also constitute unfair business practices under the UCL.

(3) **Constructive Fraud Claim**: Plaintiff asserts that this claim is sufficiently pled because the facts alleged establish that Defendants owed a duty of care under *Nymark v. Heart Fed. Sav. &*

United States District Court

For the Northern District of California

7

United States District Court

For the Northern District of California

1    *Loan Ass'n*, 231 Cal. App. 3d 1089 (1991) and that Defendants breached that duty of care.  Plaintiff

2    further argues that the statute of limitations was equitably tolled for the reasons stated above.  *Id*. at

3    7-8.

4         (4) **Implied Covenant of Good Faith and Fair Dealing**: Plaintiff alleges that this claim is

5    sufficiently pled because the complaint alleges Plaintiff performed under the contract by making

6    mortgage payments and that Defendants failed to negotiate a loan modification in good faith;

7    Plaintiff further asserts that the statute of limitations was equitably tolled.  *Id*. at 8.

8         (5) **California Civil Code Section 2923.5**: Plaintiff asserts that this claim is "described in

9    sufficient detail" in Plaintiff's complaint.  *Id*.

10        (6) **Negligence**: Plaintiff asserts that under the facts alleged, Defendants owed a duty to

11   Plaintiff under *Nymark* and that Defendants violated that duty.  *Id*. at 9.

12        (7) **Cal. Fin. Code Section 4970-4979.8:**  Plaintiff asserts that this claim is "described in

13   sufficient detail" in Plaintiff's complaint.  *Id*.

14        (8) **Misrepresentation:** Plaintiff contends that she has alleged sufficient facts to state a claim

15   for misrepresentation and that additional facts to support these claims "are expected to be discovered

16   through the discovery process."  *Id*. at 9-10.

17        Plaintiff does not address Defendants' request that the Court strike her request for punitive

18   damages and attorneys' fees.

19   **IV.    ANALYSIS**

20        **A.    Legal Standard Under Rule 12(b)(6)**

21        A complaint may be dismissed for failure to state a claim for which relief can be granted

22   under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 12(b)(6).  "The purpose

23   of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint."  *N. Star*

24   *Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  Generally, a plaintiff's burden at the

25   pleading stage is relatively light.  Rule 8(a) of the Federal Rules of Civil Procedure states that "[a]

26   pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the

27   claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).

28

United States District Court

For the Northern District of California

1    In ruling on a motion to dismiss under Rule 12, the court analyzes the complaint and takes

2    "all allegations of material fact as true and construe(s) them in the lights most favorable to the non-

3    moving party." *Parks Sch. of Bus. v. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal may

4    be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid

5    theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must

6    "contain either direct or inferential allegations respecting all the material elements necessary to

7    sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 562

8    (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). The

9    factual allegations must be definite enough to "raise a right to relief above the speculative level." *Id.*

10   at 555. However, a complaint does not need detailed factual allegations to survive dismissal. *Id.*

11   Rather, a complaint need only include enough facts to state a claim that is "plausible on its face." *Id.*

12   at 570. That is, the pleadings must contain factual allegations "plausibly suggesting (not merely

13   consistent with)" a right to relief. *Id.* at 1557 (noting that this requirement is consistent with Fed. R.

14   Civ. P. 8(a)(2), which requires that the pleadings demonstrate that "the pleader is entitled to relief").

15   **B.    Legal Standard Under Rule 12(f)**

16   Under Rule 12(f) of the Federal Rules of Civil Procedure, the court may strike from a

17   pleading "any insufficient defense or any redundant, immaterial, impertinent or scandalous matter."

18   "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must

19   arise from litigating spurious issues by dispensing with those issues prior to trial . . ." *Whittlestone,*

20   *Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotations omitted; citations

21   omitted). Rule 12(f) "does not authorize a district court to dismiss a claim for damages on the basis

22   it is precluded as a matter of law." *Id.* at 976. Rather, such a challenge is properly addressed under

23   Rule 12(b)(6) or Rule 56. *See id.* at 974 ("Handi-Craft's 12(f) motion was really an attempt to have

24   certain portions of Whittlestone's complaint dismissed or to obtain summary judgment against

25   Whittlestone as to those portions of the suit – actions better suited for a Rule 12(b)(6) motion or a

26   Rule 56 motion, not a Rule 12(f) motion").

27

28

9

**C.      Whether Plaintiff's Claims are Barred Under the Tender Rule**

Defendants assert that all of Plaintiff's claims fail because they challenge a pending foreclosure and therefore Plaintiff must allege tender.  The Court finds that Plaintiff's state law claims are subject to dismissal under Rule 12(b)(6) on this basis but that Plaintiff's ability to tender is more appropriately addressed at a later stage of the case in connection with her TILA Claim.

Under California law, "an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal.App.3d 575, 578 (1984); *see also Karlsen v. Am. Sav. & Loan Assn.*, 15 Cal.App.3d 112, 117 (1971) ("A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust.").  "A cause of action 'implicitly integrated' with the irregular sale fails unless the trustor can allege and establish a valid tender." *Id*.  Plaintiff does not dispute that all of her claims are "implicitly integrated" with the threatened foreclosure.  Nor does the Court find that Plaintiff's allegations show that equitable considerations excuse her from compliance with the tender rule. Therefore, Plaintiff is required to allege that she tendered or offered to tender the full amount owed under the loan in order to proceed with her state law claims.  Because she failed to do so, all of her state law claims fail, as a matter of law, under Rule 12(b)(6).

Whether Plaintiff is able to tender may also have implications for her TILA claim because under TILA, "a trial judge ha[s] the discretion to condition rescission on tender by the borrower of the property he had received from the lender." *Yamamoto v. Bank of New York,* 329 F.3d 1167, 1171 (9th Cir. 2003) (quotations omitted).  In *Yamamoto*, the court explained that whether the court should exercise such discretion depends, in part, on the equities present in a particular case. *Id*. However, as it is not *required* that the Court condition rescission under TILA on plaintiff's tender of the amount owed on the loan, the Court declines to dismiss Plaintiff's TILA claim at this stage of the case based on her failure to allege tender.  Rather, a determination as to the appropriate terms of a rescission, if any, is more appropriate when a factual record has been developed.

**United States District Court**
For the Northern District of California

### D.    Claim One (TILA)

#### 1.    Legal Standard

The Truth in Lending Act ("TILA") is a consumer protection statute that aims to "avoid the uninformed use of credit."  15 U.S.C. §1601(a).  TILA "has the broad purpose of promoting 'the informed use of credit' by assuring 'meaningful disclosure of credit terms' to consumers."  *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 559 (1980) (quoting 15 U.S.C. § 1601).  The statute "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights."  *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412  (1998) (citing 15 U.S.C. §§ 1631, 1632, 1635 & 1638).

The statute of limitations for a damages claim under TILA is one year and generally runs from the date the loan documents are executed.  15 U.S.C. § 1640(e); *See Meyer v. Ameriquest Mortg. Co.,* 342 F.3d 899, 902 (9th Cir. 2003).  A claim under TILA for rescission must be brought within three years of the date of the violation.  15 U.S.C. § 1635(f).  Under the discovery rule, the limitations period does not begin to run until the plaintiff discovers (or reasonably should discover) that he has been injured.  *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008).  In addition, the statute of limitations may be equitably tolled if "despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim."  *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000).

#### 2.    Application of the Law to the Facts

Because Plaintiff fails to allege facts showing that her TILA claim is timely, the claim fails under Rule 12(b)(6).

The loan at issue in this case was originated in May 2004.  Plaintiff initiated this action almost seven years later, on May 3, 2011.  Therefore, Plaintiff's TILA claim is timely only if Plaintiff can establish that the statute of limitations was equitably tolled or did not begin to run at the time the loan was originated under the discovery rule.  Plaintiff, however, has alleged no facts supporting the application of either doctrine.  In particular, the allegation that she did not understand the terms of the contract she signed does not establish that Plaintiff could not have learned of her claims through the exercise of due diligence.  The Court rejects Plaintiff's assertion that the claim is

United States District Court

For the Northern District of California

1  timely because she did not discover her TILA claim until she retained counsel. "A party is

2  presumed to be familiar with the contents of any document that bears the person's signature."

3  *Motsinger v. Lithia Rose-FT, Inc.*, 211 Or.App. 610, 616 (2007) (citations omitted). Further,

4  Plaintiff has not alleged any facts that would show that she could not have reasonably discovered the

5  facts that support her TILA claim until almost seven years later when she retained counsel in this

6  action, given that it is based on the express terms of the loan that Plaintiff signed.

7      Because Plaintiff has failed to allege any facts showing that her TILA claim is timely, Claim

8  One is dismissed under Rule 12(b)(6) as to both Defendants.

9      **E.    Claim Two (UCL)**

10         **1.    Legal Standard**

11     California's UCL prohibits "unfair competition," which is defined as any "unlawful, unfair

12  or fraudulent business act or practice." To establish a violation of the UCL, a plaintiff may establish

13  a violation under any one of these prongs. To state a cause of action based on an unlawful business

14  act or practice under the UCL, a plaintiff must allege facts sufficient to show a violation of some

15  underlying law. *People v. McKale*, 25 Cal.3d 626, 635 (1979). "'Fraudulent,' as used in the statute,

16  does not refer to the common law tort of fraud but only requires a showing members of the public

17  'are likely to be deceived.'" *Olsen v. Breeze*, 48 Cal.App.4th 608, 618 (1996). UCL claims premised

18  on fraudulent conduct trigger the heightened pleading standard of Rule 9(b) of the Federal Rules of

19  Civil Procedure. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).

20     Finally, while there is disagreement among California courts regarding the definition of

21  "unfair" business practices, three tests have been applied, as the court in *Phipps v. Wells Fargo*

22  explains:

23         In consumer cases, such as this, the California Supreme Court has not established a definitive
           test to determine whether a business practice is unfair. *Drum v. San Fernando Valley Bar*
24         *Ass'n*, 182 Cal.App.4th 247, 256, 106 Cal.Rptr.3d 46 (2010). A split of authority has
           developed among the California Courts of Appeal, which have applied three tests for
25         unfairness in consumer cases. *Drum*, 182 Cal.App.4th at 256, 106 Cal.Rptr.3d 46.

26         The test applied in one line of cases requires "that the public policy which is a predicate to a
           consumer unfair competition action under the 'unfair' prong of the UCL must be tethered to
27         specific constitutional, statutory, or regulatory provisions." *Drum*, 182 Cal.App.4th at 256,
           106 Cal.Rptr.3d 46 (citing *Bardin v. Daimlerchrysler Corp.*, 136 Cal.App.4th 1255,
28         1260–1261, 39 Cal.Rptr.3d 634 (2006); *Davis v. Ford Motor Credit Co.*, 179 Cal.App.4th at

581, 595–596, 101 Cal.Rptr.3d 697 (2009); *Gregory v. Albertson's Inc.*, 104 Cal.App.4th 845, 854, 128 Cal.Rptr.2d 389 (2002).

. . .

A second line of cases applies a test to determine whether the alleged business practice "is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers and requires the court to weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *Drum*, 182 Cal.App.4th at 257, 106 Cal.Rptr.3d 46 (citing *Bardin*, 136 Cal.App.4th at 1260, 39 Cal.Rptr.3d 634; *Davis*, 179 Cal.App.4th at 594–595, 101 Cal.Rptr.3d 697)).

. . .

The test applied in a third line of cases draws on the definition of "unfair" in section 5 of the Federal Trade Commission Act (15 U.S.C. § 45, subd. (n)), and requires that "(1) the consumer injury must be substantial; (2) the injury must not be outweighed by any countervailing benefits to consumers or competition; and (3) it must be an injury that consumers themselves could not reasonably have avoided." *Drum*, 182 Cal.App.4th at 257, 106 Cal.Rptr.3d 46 (citing *Davis*, 179 Cal.App.4th 597–598, 101 Cal.Rptr.3d 697; *Camacho v. Automobile Club of Southern California*, 142 Cal.App.4th 1394, 1403, 48 Cal.Rptr.3d 770 (2006)).

2011 WL 302803, at *16 (E.D.Cal., Jan. 27, 2011).

A claim under the UCL must be "commenced within four years after the cause of action accrued." Cal. Bus. & Prof. Code § 17208. In the case of a UCL claim based on unlawful conduct, the four-year limitations period applies even if the underlying law on which the UCL claim is based has a shorter limitations period. *Blanks v. Shaw*, 171 Cal.App.4th 336, 364 (2009).

### 2.       Application of the Law to the Facts

#### a.       Timeliness of UCL Claim

As stated above, this action was initiated almost seven years after the relevant conduct occurred and Plaintiff has alleged no facts that would show that the doctrine of equitable tolling or the discovery rule apply. Therefore, Plaintiff's UCL claim fails on the basis that it is untimely.

#### b.       Sufficiency of Allegations

Plaintiff's UCL claim also fails on the basis that she has not alleged facts showing a violation of the UCL, as discussed below.

##### i.       Unlawful Conduct

In order to state a claim under the UCL based on unlawful conduct, Plaintiff must allege facts sufficient to establish a violation of some law. In her complaint, Plaintiff asserts that Defendants

1    have violated TILA, Cal. Civ. Code §§ 2923.5 and Cal. Fin. Code §§ 4970-4979.8.  As stated

2    elsewhere in this Order, however, the Court finds that Plaintiff has not stated a claim as to any of

3    these violations.  For this reason, Plaintiff's UCL claim also fails to the extent it is based on these

4    alleged violations.

5           To the extent Plaintiff may seek to amend her complaint to assert a UCL claim based on

6    false advertising under Cal. Civ. Code Section 17500, a theory that was raised for the first time in

7    Plaintiff's Opposition brief, Plaintiff is cautioned that in order to state a claim on the basis of that

8    statute, she will have to allege facts identifying specific statements, including facts showing how the

9    statements were misleading.  *See Chua v. Barratt American*, 2010 WL 987020, at *3 (S.D.Cal., Mar.

10   17, 2010) (dismissing claim for violation of Section 17500 based on general allegation that lender

11   induced plaintiff to take loan by leading him to believe that he could afford payments because

12   complaint failed to identify particular fraudulent statements or facts showing statements were

13   misleading).

14                      **ii.       Fraudulent Conduct**

15          In order to state a claim under the UCL based on fraudulent conduct, Plaintiff must allege,

16   with particularity, facts sufficient to establish that the public would likely be deceived by

17   Defendants' conduct.  Plaintiff has not met this standard because she has not identified specific

18   deceptive statements or omissions made in connection with the origination of the loan or alleged

19   facts showing why those specific statements or omissions would be likely to deceive the public.

20   Therefore, Plaintiff fails to state a claim based on fraudulent conduct.

21                      **iii.      Unfair Business Practices**

22          Finally, Plaintiff's conclusory allegations are insufficient to state a claim under the "unfair"

23   business practice prong because she have not alleged facts showing that Defendants' conduct is

24   unfair under any of the three tests set forth above.

25          Plaintiff's UCL claim is dismissed for failure to state a claim as to both Defendants.

26

27

28

**F.      Claim Three (Constructive Fraud)**

       **1.      Legal Standard**

"Constructive fraud is a unique species of fraud applicable only to a fiduciary or confidential relationship." *Assilzadeh v. California Federal Bank*, 82 Cal.App.4th 399, 415 (2000).  The court in *Assilzadeh* explains that:

> As a general principle constructive fraud comprises any act, omission or concealment involving a breach of legal or equitable duty, trust or confidence which results in damage to another even though the conduct is not otherwise fraudulent. Most acts by an agent in breach of his fiduciary duties constitute constructive fraud. The failure of the fiduciary to disclose a material fact to his principal which might affect the fiduciary's motives or the principal's decision, which is known (or should be known) to the fiduciary, may constitute constructive fraud. Also, a careless misstatement may constitute constructive fraud even though there is no fraudulent intent.

*Id*. (citations omitted). "Where the gravamen of the complaint is that defendant's acts constituted actual or constructive fraud, the applicable statute of limitations is the [California] Code of Civil Procedure section 338, subdivision (d) three-year limitations period." *Thomson v. Canyon*, 198 Cal.App.4th 594, 2011 WL 2976864, at *7 (Cal.App. 1 Dist., July 22, 2011).

       **2.      Application of the Law to the Facts**

Plaintiff's constructive fraud claim fails for two reasons.  First, as discussed above, the claim is untimely and Plaintiff has alleged no facts establishing that either the discovery rule or the doctrine of equitable tolling apply.  Second, Plaintiff has alleged no facts which, if proven, establish the existence of a fiduciary duty, as discussed below.

**G.      Claim Four (Breach of Implied Covenant of Good Faith and Fair Dealing)**

       **1.      Legal Standard**

A breach of contract may be established on the basis of either an express provision of the contract or on the implied covenant of good faith and fair dealing.  *See Storek & Storek, Inc. v. Citicorp Real Estate, Inc.*, 100 Cal.App.4th 44, 55 (2002)(recognizing that "every contract imposes upon each party a duty of good faith and fair dealing in the performance of the contract such that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract").  An implied covenant of good faith and fair dealing cannot contradict the express terms of a contract, however.  *Id*. (citing *Carma Developers (Cal.),*

1   *Inc. v. Marathon Development California, Inc.*, 2 Cal.4th 342, 374 (1992)).  Further, "[i]n order to

2   state a claim for breach of an implied covenant of good faith and fair dealing, the specific

3   contractual obligation from which the implied covenant of good faith and fair dealing arose must be

4   alleged." *Inter-Mark USA, Inc. v. Intuit, Inc*., 2008 WL 552482, at *6 (N.D.Cal. Feb. 27, 2008)

5   (citing *Love v. The Mail on Sunday*, 2006 WL 4046180, at *7 (C.D.Cal. Aug. 15, 2006)). This is

6   because "[i]t is universally recognized [that] the scope of conduct prohibited by the covenant of

7   good faith is circumscribed by the purposes and express terms of the contract." *Id.* at *7.  In

8   addition, "[f]acts alleging a breach, like all essential elements of a breach of contract cause of action,

9   must be pleaded with specificity."  *Levy v. State Farm Mut. Auto. Ins. Co.*, 150 Cal. App.4th 1, 5

10   (2007).

11         An action on "any contract, obligation or liability founded upon an instrument in writing"

12   must be commenced within four years of accrual of the action.  Cal. Civ. Proc. Code § 337(1).

13                **2.      Application of the Law to the Facts**

14         Plaintiff's claim for breach of the implied covenant of good faith and fair dealing fails under

15   Rule 12(b)(6) because it is untimely – for the reasons discussed above – and because she fails to

16   identify any specific contractual provision as a basis for the claim.

17   **H.      Claim Five (Cal. Civ. Code Section 2923.5)**

18                **1.      Legal Standard**

19         Cal. Civ. Code Section 2923.5 imposes certain obligations on lenders, including

20   requirements that the lender must: 1) "contact the borrower in person or by telephone in order to

21   assess the borrower's financial situation and explore options for the borrower to avoid foreclosure"at

22   least thirty days prior to recording a notice of default; and 2) attach a declaration to the notice of

23   default attesting to the fact that it has contacted the borrower to explore options to avoid foreclosure.

24   The requirements of this provision, however, apply only to "mortgages or deeds of trust recorded

25   from January 1, 2003, to December 31, 2007, inclusive, that are secured by owner-occupied

26   residential real property containing no more than four dwelling units."  Cal. Civ. Code Section

27   2923.5(i).  Subdivision (i) further states that "'owner-occupied' means that the residence is the

28   principal residence of the borrower as indicated to the lender in loan documents."

**United States District Court**
For the Northern District of California

1    **2.    Application of the Law to the Facts**

2        Plaintiff does not allege that the Subject Property is her principal residence. To the contrary,

3    she alleges that she resides in another county altogether. Nor does she challenge Defendants'

4    assertion that the Subject Property is not owner-occupied in her Opposition brief. Therefore, based

5    on the allegations in Plaintiff's complaint, the Court finds that Plaintiff's claim under Section 2923.5

6    fails under Rule 12(b)(6) because it is not applicable to the loan upon which Plaintiff's claim is

7    based.

8    **I.    Claim Six (Negligence)**

9        **1.    Legal Standard**

10       To state a claim for negligence, a plaintiff must allege: (1) the defendant's legal duty of care

11   to the plaintiff; (2) breach of that duty; (3) causation; and (4) resulting injury to the plaintiff. *Merrill*

12   *v. Navegar, Inc.*, 26 Cal.4th 465, 500 (2001). "The existence of a legal duty to use reasonable care

13   in a particular factual situation is a question of law for the court to decide." *Vasquez v. Residential*

14   *Invs, Inc.*, 118 Cal.App.4th 269, 278 (2004). As a general rule, under California law, "a financial

15   institution owes no duty of care to a borrower when the institution's involvement in the loan

16   transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark*

17   *v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal.App.3d 1089, 1095-96 (1991) (citations omitted).

18   Similarly, California courts have held, as a matter of law, that the trustee under a deed of trust "is not

19   a true trustee, and owes no fiduciary obligations; [it] merely acts as a common agent for the trustor

20   and beneficiary of the deed of trust." *Heritage Oaks Partners v. First American Title Ins. Co.*, 155

21   Cal.App.4th 339, 345 (2007) (citations omitted).

22        In California, the test for determining whether a financial institution exceeded its role as

23   money lender and thus owes a duty of care to a borrower-client involves "the balancing of various

24   factors, among which are (1) the extent to which the transaction was intended to affect the plaintiff,

25   (2) the foreseeability of harm to him, (3) the degree of certainty that the plaintiff suffered injury, (4)

26   the closeness of the connection between the defendant's conduct and the injury suffered, (5) the

27   moral blame attached to the defendant's conduct, and (6) the policy of preventing future harm." *Id.*

28   at 1098.

1     The applicable statute of limitations for a negligence claim is two years. *See* Cal. Civ. Proc.

2    Code Section 335.1.

3          **2.      Application of the Law to the Facts**

4     For the reasons stated above, Plaintiff's negligence claim is untimely. In addition, Plaintiff

5    has alleged no facts which would establish that either defendant owed her a legal duty of care in

6    connection with her loan. Accordingly, this claim fails as to both Defendants.

7        **J.      Claim Seven (Predatory Lending under Cal. Fin. Code §§ 4970**

8          **1.      Legal Standard**

9     Under California law, Financial Code §§ 4970 *et seq.*, prohibits predatory lending practices

10   pertaining to "covered loans." Section 4970 provides:

11       (b) "Covered loan" means a consumer loan in which the original principal balance of the
          loan does not exceed the most current conforming loan limit for a single-family first

12       mortgage loan established by the Federal National Mortgage Association in the case of a
          mortgage or deed of trust, and where one of the following conditions are met:

13

14           (1) For a mortgage or deed of trust, the annual percentage rate at consummation of
               the transaction will exceed by more than eight percentage points the yield on

15             Treasury securities having comparable periods of maturity on the 15th day of the
              month immediately preceding the month in which the application for the extension of

16             credit is received by the creditor.

17           (2) The total points and fees payable by the consumer at or before closing for a
               mortgage or deed of trust will exceed 6 percent of the total loan amount.

18   Cal. Fin Code Section 4970(b). For the purposes of this section, a "consumer loan" is defined as

19   follows:

20       "Consumer loan" means a consumer credit transaction that is secured by real property
          located in this state used, or intended to be used or occupied, as the principal dwelling of the

21       consumer that is improved by a one-to-four residential unit. "Consumer loan" does not
          include a reverse mortgage, an open line of credit as defined in Part 226 of Title 12 of the

22       Code of Federal Regulations (Regulation Z), or a consumer credit transaction that is secured
          by rental property or second homes. "Consumer loan" does not include a bridge loan. For

23       purposes of this division, a bridge loan is any temporary loan, having a maturity of one year
          or less, for the purpose of acquisition or construction of a dwelling intended to become the

24       consumer's principal dwelling.

25   Cal. Fin. Code Section 4970(d).

26     The applicable statute of limitations for such a claim is three years under Cal. Civ. Proc.

27   Code Section 338(a).

28

**United States District Court**
For the Northern District of California

### 2.      Application of the Law to the Facts

For the reasons stated above, Plaintiff's claim, as alleged, is untimely.  In addition, Plaintiff's claim fails because the loan is not a "covered loan" under Section 4970.  First, the loan is not a "consumer loan" because Plaintiff does not allege that the Subject Property has been used or was intended to be used as her "principal dwelling," and indeed, the allegations in the complaint establish that it was not.  Second, the amount of the loan (allegedly $450,000.00) exceeds the conforming loan limit for a single-family mortgage loan at the time the loan was originated, which was $333,700.00.  *See* RJN, Ex. E.

### K.      Claim Eight (Misrepresentation)

#### 1.      Legal Standard

"The elements which must be pleaded to plead a fraud claim are (a) misrepresentation (false representation, concealment or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Philipson & Simon v. Gulsvig*, 154 Cal. App. 4th 347, 363 (2007) (quotations omitted).  Rule 9(b) of the Federal Rules of Civil Procedure requires that "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  To satisfy Rule 9(b), the plaintiff must include "the who, what, when, where, and how" of the fraud. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).  "The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Decker v. Glenfed, Inc.*, 42 F.3d 1541, 1548 (9th Cir. 1994).  A claim for fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).  The statute of limitations for fraud under California law is three years.  Cal. Civ. Proc. Code § 335, 338(d).

#### 2.      Application of the Law to the Facts

For the reasons stated above, Plaintiff's misrepresentation claim fails on the basis that the claim, as alleged, is untimely.  Further, the Court finds that Plaintiff's allegations are too conclusory to state a claim for misrepresentation.  Plaintiff has alleged generally that  Defendants'

representatives made deceptive statements to Plaintiff in order to induce her to enter into an unsuitable loan without identifying any specific statements or facts showing how the statements were misleading.  Accordingly, Plaintiff fails to state a claim for misrepresentation as to both Defendants.

### L.   Attorneys' Fees and Punitive Damages

Defendants ask the Court to strike Plaintiff's request for attorneys' fees and punitive damages on the basis that these remedies are unavailable to Plaintiff under the facts alleged in the complaint.  Rule 12(f) of the Federal Rules of Civil Procedure governs motion to strike.  As discussed above, however, the Ninth Circuit has held that Rule 12(f) "does not authorize a district court to dismiss a claim for damages on the basis it is precluded as a matter of law." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotations omitted; citations omitted).  Therefore, the Court denies Defendants' request without prejudice.

### V.   CONCLUSION

For the reasons stated above, all of Plaintiff's claims are dismissed with leave to amend within thirty (30) days of the date of this Order.

IT IS SO ORDERED.


Dated:  September 21, 2011


_____
JOSEPH C. SPERO
United States Magistrate Judge

20